**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2797
_____

DAVID ALLEN WILSON,
                                        Appellant

v.

USA PRESIDENT JOSEPH ROBINETTE BIDEN, JR.; VICE PRESIDENT KAMALA
DEVI HARRIS; JOHN ROBERTS, USA SUPREME COURT CHIEF JUSTICE;
MICHAEL A SHIPP, USA DISTRICT COURT JUDGE; SHELIA OLIVER,
NEW JERSEY LIEUTENANT GOVERNOR; MARC MCKITHEN,
TRENTON MUNICIPAL COURT CHIEF; STEVE WILSON, TRENTON POLICE
COMMISSIONER; KENNETH S. DOUGLAS TRENTON FIRE COMMISSIONER;
VIC CARSTARPHEN, CAMDEN CITY MAYOR;
GABRIEL RODRIGUEZ, CAMDEN COUNTY POLICE CHIEF:
MICHAEL HARPER, CAMDEN CITY FIRE CHIEF;
JUSTICE STUART RABNER, New Jersey Supreme Court Chief
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-01647)
District Judge:  Honorable Julien X. Neals
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: April 5, 2023)

_____

OPINION[*]

_____

**PER CURIAM**

David Wilson, proceeding pro se and in forma pauperis, appeals an order of the United States District Court for the District of New Jersey dismissing his complaint for failure to state a claim. For the reasons that follow, we will affirm the judgment of the District Court.

Wilson filed a complaint in March 2022 against numerous federal, state, and local officials, seeking compensatory, punitive, and injunctive relief. Dkt. No. 1 at 7. He alleged that, since his birth, he has been subject to wiretapping in every home where he has lived and every job he has worked. Id. at 6. He also claimed physical injuries, including damage to his eyesight, nightmares, severe high blood pressure, and numerous foot infections planted by the U.S. Government. Id. at 6-7. He also submitted an application to proceed in forma pauperis.

The District Court granted Wilson's request to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it without prejudice for failure to state a claim, concluding that Wilson's allegations in support of his claims were unintelligible. Dkt. Nos. 20 at 3 & 21. The District Court also permitted

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Wilson to file an amended complaint within 30 days. Dkt. Nos. 20 & 21. Rather than file an amended complaint, Wilson immediately appealed from that order. Dkt. No. 23.

We have jurisdiction under 28 U.S.C. § 1291. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). Our standard of review is plenary. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020).

Wilson argues on appeal that the District Court erred by failing to issue summonses and subpoenas to the defendants and by ruling that Wilson failed to state a claim because it failed to properly apply constitutional law to his claims. C.A. Dkt. No. 24 at 3-4. However, we agree with the District Court that Wilson failed to state a claim.

First, as demonstrated by the District Court's screening of Wilson's complaint, when a plaintiff proceeds in forma pauperis, a court is required to dismiss the case at any time if it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, Wilson's argument that the District Court was required to delay its screening of his complaint until summonses or subpoenas were issued fails.

Second, we construe pro se filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and "are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints," Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019). Nevertheless, we conclude that, as recognized by the District Court, Wilson failed to state a claim because he failed to make specific allegations against

3

specific defendants.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that a complaint will survive dismissal if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Wilson's complaint, in which he generally alleged that he was subject to lifelong wiretapping and physical injuries by numerous unnamed and unrelated government officials, does not contain the required "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (explaining that a court may dismiss a complaint if its allegations are "fanciful, fantastic, [or] delusional" (citations omitted)).

For these reasons, we will affirm the District Court's judgment.